## MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 13, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Eric Komitee, U.S.D.J.
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, NY 11201-1804

    *Re:*    **Aragon v. Brahspati, Inc.,** *et al.*
            **Case No.: 1:22-cv-6342 (EK) (PK)**
            <u>**MLLG File No.: 21-2023**      </u>

Dear Judge Komitee:

      This office represents Defendants Brahspati, Inc d/b/a Singas Famous Pizza (hereinafter "Corporate Defendant"), Harjinder Singh ("Harjinder"), Jagroop Singh ("Jagroop"), and Sahib Singh ("Sahib") (Harjinder, Jagroop, and Sahib collectively the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants") in the above-referenced case filed under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  This shall serve as Defendants' letter requesting a pre-motion conference, pursuant to ¶ III(B) of this Court's Individual Practices and Rules (hereinafter "Individual Rules"), in anticipation of their motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

**<u>This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim</u>**

      Plaintiff alleges that he was paid a weekly salary of $500.00 to $800.00 per week and was not compensated for all hours worked, which he claims generally amounted to 57-67 hours per week.  <u>See</u> Docket Entry 1 at ¶¶ 49-59.  He also claims, without any factual details in support, that he was not paid overtime for hours worked in excess of forty (40) hours per week. <u>See</u>, <u>generally</u>, <u>Id.</u>

      The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. <u>See</u> 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. <u>See</u> 12 NYCRR § 142–2.2 (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." <u>See</u> <u>Lundy v. Catholic Health System of Long Island Inc.</u>, 711 F.3d 106, 114 (2d Cir. 2013); <u>see</u> <u>also</u> <u>Nakahata v. New York-Presbyterian Healthcare Sys., Inc.</u>, 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiff fails to remotely meet the plausibility standard required to state a claim for his wage-and-hour causes of action. He both fails to identify a *single week* in which he worked and was not paid at least the minimum wage[1] or any overtime wages. Accordingly, their wage-and-hour claims must be dismissed for failure to state a claim.

Moreover, the FLSA and NYLL claims against the Individual Defendants must be dismissed. The complaint merely paraphrases and recites the statutory factors for individual liability under the FLSA and the NYLL without any supporting details.

Courts routinely dismiss such poorly pled claims against individual defendants. See Apolinar v. R.J. 49 Rest., LLC, No. 15-CIV.-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016) (dismissing claims in the absence of non-conclusory allegations that defendants "had any sort of direct employer responsibility over them, such as ability to hire or fire, set work hours or job responsibilities"); see also Solis v. ZEP LLC, 2020 WL 1439744, at *8 (allegations that recite the statutory factors in conclusory fashion are insufficient); Chen v. TYT East Corp., 2012 WL 5871617, at *4 (Mar. 21, S.D.N.Y. 2012) ("Plaintiffs' boilerplate recitation of the four Carter factors is not entitled to the assumption of truth, and therefore cannot give rise to a plausible inference that Wang is an 'employer'"); Vasto v. Credico (U.S.A.) LLC, 2016 WL 4147241, at *7 (Aug. 3, 2016); Bravo v. Established Burger One LLC, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (no single integrated enterprise where "Plaintiffs allege no specific facts, aside from the elements of the 'economic reality test,' to satisfy their pleading burden"); Diaz v. Consortium for Worker Educ., Inc., 2010 WL 3910280 at *4 (S.D.N.Y. Sept. 28, 2010) (finding "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" insufficient); Bravo v. Eastpoint Int'l, 2001 WL 314622, at *2 (S.D.N.Y. March 30, 2001).

Accordingly, Defendants' letter motion for a pre-motion conference should be granted with a briefing schedule to be discussed therein.

Defendants thank this Court for its time, attention, and continued courtesies in this case.

---

[1] Moreover, dividing $500.00 of pay into sixty-seven (67) hours, i.e., Plaintiff's maximum alleged "scheduled" working time, yields an hourly rate of $7.46, which is more than the $7.25 hourly federal minimum wage. See Rosa v. Dhillon, 2020 U.S. Dist. LEXIS 234635 at *8 (E.D.N.Y. Dec. 14, 2020) (dismissing FLSA minimum wage claim based on allegations in complaint).

Dated: Lake Success, New York
      February 13, 2023                    Respectfully submitted,

                                                **MILMAN LABUDA LAW GROUP PLLC**

                                                */s/ Emanuel Kataev, Esq.*
                                                Emanuel Kataev, Esq.
                                                3000 Marcus Avenue, Suite 3W8
                                                Lake Success, NY 11042-1073
                                                (516) 328-8899 (office)
                                                (516) 303-1395 (direct dial)
                                                (516) 328-0082 (facsimile)
                                                emanuel@mllaborlaw.com

                                                *Attorneys for Defendants*

**VIA ECF**
Law Offices of Colin Mulholland
<u>Attn</u>: Colin Mulholland, Esq.
3097 Steinway Street, Suite 301-A
Astoria, NY 11103
cmulhollandesq@gmail.com

*Attorney for Plaintiff*