# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 11, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

      *Re:*    **Aragon v. Brahspati, Inc.,** *et al.*
             **Case No.: 1:22-cv-6342 (EK) (PK)**
             <u>**MLLG File No.: 21-2023**</u>

Dear Judge Kuo:

      This office represents the Defendants in the above-referenced case. Defendants write jointly with Plaintiff to respond to this Court's Order to show cause dated September 8, 2023.

      The parties were previously scheduled to conduct a mediation on August 11, 2023. However, on August 9, 2023, prior to the parties' pre-mediation conference the same day, I was advised that Individual Defendant Harjinder Singh fell ill and thus sought to adjourn the mediation. The parties agreed during their pre-mediation conference to adjourn the mediation to Tuesday, September 12, 2023 in light of these circumstances. While your undersigned intended to move for an extension of time of the deadline to complete mediation, I was unable to do so in light of deadlines and appearances in other cases.

      For example, and without limitation, on Wednesday, August 23, 2023, your undersigned filed post-verdict motions under Rules 50 and 59 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") in <u>Edelman v. NYU Langone Health System, Inc.</u>, No.: 1:21-cv-502 (LJL) (GWG), which deadlines could not be extended under the Rules; and (ii) in, <u>Superb Motors, Inc. v. Deo</u>, Case No. 2:23-cv-6188 (OEM) (ST), your undersigned moved by Order to show cause for emergency relief and has been preparing for a hearing currently scheduled for September 14, 2023. Between these and other matters, your undersigned was regrettably unable to sooner seek an extension of time. I humbly apologize to this Court for my inability to do so. Among other steps taken to prevent this from happening in the future, our firm has a new associate starting this coming week.

      Notwithstanding the foregoing, the parties are fully prepared to conduct the mediation as scheduled. Defendants further represent that they have prepared a mediation statement and, more importantly, a spreadsheet containing a week-by-week analysis of the hours worked by and wages paid to the Plaintiff that will enable the parties to meaningfully discuss the merits of his claims and Defendants' defenses such that the parties may hopefully be able to resolve this case without the need for litigation.

In light of these circumstances, the parties respectfully submit that no sanctions are warranted due to excusable neglect and good cause exists to extend the parties' deadline to complete mediation and the Defendants' deadline to respond to the complaint, *nunc pro tunc*.

Consistent with Section IV of this Court's Individual Practice Rules, the parties submit that: (i) the current deadline to (a) complete mediation is August 30, 2023, (b) submit a joint status report on mediation is September 1, 2023; and (c) respond to the amended complaint is August 31, 2023; (ii) an extension of time is necessary because Defendants' counsel was engaged in other matters for which extensions could not be sought and the parties in this case otherwise wish to devote their time and effort towards mediation which is currently scheduled to proceed on September 12, 2023; (iii) there have (a) no previous requests to complete mediation or submit a joint status report and (b) there have been two (2) previous requests for an extension of time to respond to the Plaintiff's amended complaint; and (iv) Plaintiff joins and consents to the instant requested extension.

Accordingly, Defendants respectfully submit that both good cause and excusable neglect exist to warrant an extension of time of the foregoing deadlines. See Fed. R. Civ. P. 6(b)(1)(B).

The parties thank this honorable Court for its time, attention, and anticipated courtesies in this case, and sincerely apologize again for the failure to earlier seek an extension and apprise this Court of the status of this case.

Dated: Lake Success, New York
      September 11, 2023                    Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**
Law Offices of Colin Mulholland
Attn: Colin Mulholland, Esq.
3097 Steinway Street, Suite 301-A
Astoria, NY 11103
cmulhollandesq@gmail.com

*Attorney for Plaintiff*