# Law Offices of Colin Mulholland

Employment and Civil Litigation

36-36 33rd Street  
Suite 308  
Astoria, NY 11106

Telephone: (347) 687-2019  
cmulhollandesq@gmail.com

June 21, 2024

Honorable Peggy Kuo  
United States Magistrate Judge  
225 Cadman Plaza East  
Brooklyn, NY 11201

Re: Aragon v. Brahspati, Inc., et al. 22-cv-6342 (EK - PK)

Your Honor,

The parties have a proposed amended release to present to their client's for execution. The parties would jointly respectfully request an advisory opinion regarding the language of the release prior to securing signatures on a new agreement if the Court would so permit.

The new language for the release would be as follows:

**"Mutual Limited Release of Claims by Parties.**

Plaintiff knowingly and voluntarily release and forever discharge Defendants of and from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., as amended ("FLSA"), and related regulations, the New York Labor Law ("NYLL") and related regulations promulgated by the NYS Commissioner of Labor, for any and all wage-and-hour claims and claims of retaliation pursuant to the FLSA and NYLL arising out of Plaintiff's employment with the Defendants, and/or any other claims that could have been brought at the time Plaintiff filed the complaint in the Litigation, up to and including the date Plaintiff executes this Agreement, whether known or unknown, whether contingent or non-contingent, specifically

asserted or not, which the Plaintiff may assert anywhere in the world against the Defendants, or any of them including but not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, retaliation, back pay, liquidated damages, interest, under any federal, state or local laws ("Wage and Hour Claims").  Nothing in this Paragraph 3 is intended to, or shall, interfere with Plaintiff's right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws.

Nothing in this Agreement is intended to, or shall, waive or release: (i) any claim or right Plaintiff may have for unemployment insurance or workers' compensation benefits; (ii) any claim to employee benefit plans and/or union benefit plans and/or rights or claims to retirement, 401K, pension, or other benefit plans, whether vested or unvested, including but not limited to any employee benefit plans under 29 U.S.C. § 1002(3); (iii) any medical claim incurred during Plaintiff's employment that is payable under applicable medical plans or an employer-insured liability plan; (iv) any claim or right that may arise after the execution of this Agreement; (v) any claim or right Plaintiff may have under this Agreement; and (vi) any claim that is not otherwise waivable under applicable law.

Defendants hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all claims that Defendants have or may have against Plaintiff and his heirs, executors, administrators, agents, successors and assigns, affiliated entities, and their respective past and present owners, directors, officers,  insurers, and attorneys, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, claims, or causes known or unknown, suspected or unsuspected, of every kind and nature that arose from the transactions and occurrences alleged in the Complaint in this action, and claims that could have been raised at the time Defendants' filed their responsive pleading, and any claims for use and occupancy arising from Plaintiff's tenancy with the Defendants."

Respectfully Submitted,

/s/ Colin Mulholland, Esq.