# Law Offices of Colin Mulholland

Employment and Civil Litigation

36-36 33rd Street, Suite 308                                    Telephone: (347) 687-2019
New York, New York 11106                                  cmulhollandesq@gmail.com

July 18, 2024

Honorable Peggy Kuo
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

                         Re: Aragon v. Brahspati, Inc. et al.
                                  22-cv-06342

Your Honor,

After discussion with our clients and review of recent case law, the parties would respectfully jointly ask the Court to re-consider the fairness of the release language submitted to the Court on June 21, 2024. We believe that language is appropriate and fair under Cheeks because the Plaintiff lived in a building in Brooklyn owned by Defendants until late 2021 in addition to working for the Defendants at the pizza restaurant.

**<u>Specific Circumstances in This Matter:</u>**

The parties believe the agreement in this matter warrants reconsideration of a broader release for the following reasons:

1. The proposed release language is indeed limited because it includes several broad carves outs that inure to the benefit of the Plaintiff. This makes the release even more limited than the releases approved in the cases cited below;

2. The employment relationship between the parties ended in 2021;

3. And, most of all, the Plaintiff lived in building owned by the Defendants until late 2021 which creates a larger universe of potential transactions and occurrences between the parties more than the typical employment relationship in FLSA cases.

The parties believe the proposed release is sufficiently tailored to close the door on the entirety of their past relationships while also serving the public interest policies underlying <u>Cheeks v. Freeport</u>.

**Case Law:**

"Third, while the agreement contains a broad release, the release is mutual. It is true that courts generally refuse to approve FLSA settlements "with broad releases of claims, concluding that they conflict with the FLSA's remedial purposes." *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008 (RJS), 2016 U.S. Dist. LEXIS 12871, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016). But when, like here, there are mutual releases of claims, those are considered fair and reasonable and do not run afoul of the FLSA's purpose of preventing abuse by employers. 2016 U.S. Dist. LEXIS 12871, [WL] at *2 ("[T]he Court is satisfied that the Settlement, including the release of non-FLSA claims, was the fair result of a balanced negotiation in which Plaintiffs were represented by able counsel."). Specifically, mutual releases, binding on both parties are acceptable because they "ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes." *Id.*" **Gallagher v. Mt. Mortg. Corp.**, 2023 U.S. Dist. LEXIS 163546, *27-28

"Although some courts scrutinizing FLSA settlements have refused to approve settlements with broad releases of claims, concluding that they conflict with the FLSA's remedial purposes, others have found that "there is nothing inherently unfair about a release of claims in an FLSA settlement." See, e.g., Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, No. 13-CV-5008 (RJS), 2016 U.S. Dist. LEXIS 12871, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016). Applying the Wolinsky factors to this case, the Court concludes that the mutual releases of claims in the Settlement Agreements are fair and reasonable, and do not run afoul of the FLSA's purpose of preventing abuse by employers. Specifically, Plaintiffs could reasonably conclude that the provisions releasing claims were a satisfactory compromise in this case. This is particularly true given that the Settlement Agreements provide in excess of 100% compensation for the several non-FLSA claims brought by Plaintiffs. (See D.E. # 266-3.) Moreover, the releases of claims in the Settlement Agreements are mutual, binding both Plaintiffs and Defendants and thereby "assuaging concerns

Case 1:22-cv-06342-EK-PK   Document 30   Filed 07/18/24   Page 3 of 4 PageID #: 169

Page 3

that the waiver [*9] unfairly benefits only Defendants." Lola, 2016 U.S. Dist. LEXIS 12871, 2016 WL 922223, at *2. Accordingly, the Court finds that, under the circumstances of this case, the release provisions in the Settlement Agreements do not conflict with the FLSA's remedial purposes or otherwise prevent the Court from finding that the Settlement Agreements are fair and reasonable." **Guan v. Long Island Bus. Instute, Inc**., 2020 U.S. Dist. LEXIS 47088, *8-9

"The mutual general release permits the two parties, who have evident hostility towards one another, to walk away from the relationship. Just as it frees Defendants from fear that after settling this lawsuit they might face another claim (perhaps spurred by the generosity of the settlement), it also frees Plaintiff from fear that Defendants will retaliate against him for enforcing his rights (perhaps by bringing an unrelated claim)." **Strauss v. Little Fish Corp**., 19-cv-10158 (LJL), 11 (S.D.N.Y. Jul. 17, 2020) (discussing cases on the issue); **see also Lola v. Skadden, Arps, Meagher, Slate & Flom** LLP, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (noting also that the mutuality of the release "assuag[ed] concerns that the waiver benefits only Defendants")

"Finally, judges have ruled that in the absence of a continued employment relationship, mutual general releases are acceptable. In *Plizga v. Little Poland Restaurant*, a mutual general release was approved because 'the plaintiff . . . is no longer an employee of the defendants, eliminating the danger that the release was obtained through improper job-related pressure.' *Plizga v. Little Poland Rest. Inc.*, No. 15 CV 8820, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016). Similarly, the court in *Souza v. 65 St. Mark's Bistro* ruled that because the plaintiff no longer relied on defendants for employment, a mutual general release would provide helpful closure for both parties: 'A mutual release will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes. It is just as necessary for employees to obtain a release from the employer in these circumstances, otherwise they could still face the threat of litigation.' No. 15 CV 327, 2015 WL 7271747, at *5

(S.D.N.Y. Nov. 6, 2015**)." Zhu v. Meo Japanese Grill & Sushi, Inc.**, No. 17 CV 3521 (CLP), 2021 WL 4592530, (E.D.N.Y. Oct. 6, 2021; **see also Bedasie v. Mr. Z Towing, Inc.**, 2017 WL 1135727 (EDNY 2018).

        Sincerely,

        */s/Colin Mulholland, Esq.*