UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL ARAGON,<br><br>        *Plaintiff*,<br><br>-against-<br><br>BRAHSPATI, INC. d/b/a SINGAS FAMOUS PIZZA, NEW BRAHSPATI LLC, HARJINDER SINGH A/K/A HARJINDER KAUR SINGH, JAGROOP SINGH and SAHIB SINGH,<br><br>        *Defendants*. | Case No.: **1:22-cv-6342 (EK) (PK)**<br><br>**SETTLEMENT AGREEMENT<br>AND RELEASE (Revised)** |

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff DANIEL ARAGON ("Plaintiff") on the one hand and, BRAHSPATI, INC. D/B/A SINGAS FAMOUS PIZZA, NEW BRAHSPATI LLC, HARJINDER SINGH A/K/A HARJINDER KAUR SINGH, JAGROOP SINGH and SAHIB SINGH, on the other hand ("Defendants").

  WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

  WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Case No. 1:22-cv-6342 (EK) (PK) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws against Defendants;

  WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and any other claims raised in the lawsuit filed by Plaintiff, and that no Defendant other than Brahspati, Inc. employed the Plaintiff;

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation; and

  WHEREAS, the parties have made several revisions to a prior executed draft to obtain fairness approval and intend this draft to supersede the prior draft, and the parties agree that the Confessions of Judgment executed by the Defendants shall be treated as having the same force and effect through this revised Agreement;

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1

1. **Payment.** Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Fifty Thousand Dollars ($50,000.00) (the "Settlement Amount") to be paid to Plaintiff's attorneys in three (3) equal consecutive monthly installments. The payments shall be made payable to "Colin Mulholland, Esq., as Attorney for Plaintiff" pursuant to the following schedule:

(a) Installment One: Sixteen Thousand Six Hundred and Sixty-Six Dollars and Sixty Seven Cents ($16,666.67) by check made payable to "Colin Mulholland, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel for deposit no later than fourteen (14) days after the earlier of the Court approving of this agreement or dismissing this action..

(b) Installment Two: Sixteen Thousand Six Hundred and Sixty-Six Dollars and Sixty Seven Cents ($16,666.67) by check made payable to "Colin Mulholland, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel for deposit no later than thirty (30) days after Installment One.

(c) Installment Three: Sixteen Thousand Six Hundred and Sixty-Six Dollars and Sixty Sixty Cents ($16,666.66) by check made payable to "Colin Mulholland, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel for deposit no later than sixty (60) days after Installment One.

(d) All payments set forth above shall be delivered to the office of Colin Mulholland, Esq., 36-36 33rd Street, Suite 308 Queens, NY 11106, or such other address provided in writing to Defendants' counsel by Plaintiff's counsel.

(e) It is understood by the parties that Thirty-Two Thousand Four Hundred Twenty Four Dollars and 87/100 Cents ($32,424.87) of the total sum will be issued to Plaintiff DANIEL ARAGON and the remaining Seventeen Thousand Five Hundred Seventy Five Dollars and 13/100 Cents ($17,575.13) will be issued to counsel for Plaintiff, Colin Mulholland, Esq. as attorneys' fees, costs and disbursements connected with this matter. And such sums will be distributed pro rata between counsel and Plaintiff as each payment clears.

(f) The Parties agree that all monies paid to Plaintiff (and his Counsel) shall be issued to "Colin Mulholland, Esq." and reported as a 1099 to Counsel. The Company will issue a 1099 form to Plaintiff's Counsel representing the amount of monies paid to Plaintiff's Counsel by the Company. Plaintiff represents that no tax advice has been given to him by Released Parties, as defined *infra*, or their representatives and they understand that Released Parties make no representation or guarantee as to the tax consequences of these payments.

(g) The Plaintiff agrees and affirms that the Settlement Payment shall constitute the entire amount of monetary consideration provided to him and his legal counsel, and that Plaintiff will not seek any further compensation for any other claimed unpaid wages, wage

supplements, injuries, damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of the Plaintiff's relationship with the Company.

(h)     Plaintiff agrees, affirms, and acknowledges that he has been paid all wages and wage supplements and all other amounts owed to him for any reason by the Company.

2(a).   **Enforcement.**  The parties expressly consent that the Eastern District of New York shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment, including but not limited to any Confessions of Judgment, in the event of Defendants failure to adhere to the payment schedule by a breach and failure to cure as described below. Or any other Court of competent jurisdiction in New York City in the event the District Court does not retain jurisdiction

(b).    In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiff shall be entitled to serve a written notice ("Default Notice") upon counsel for Defendants by electronic mail to emanuel@sagelegal.nyc and First Class Mail to "Attn: Emanuel Kataev, Esq., Sage Legal LLC, 18211 Jamaica Avenue, Jamaica, NY 11042-1073."

Defendants shall have ten (10) business days from the date of receipt of the mailed Default Notice to cure the default by making such payment.

Upon Defendants' failure to cure a default within ten (10) business days of receipt of the Default Notice, counsel for Plaintiff may take any action to enforce the terms of this agreement including but not limited to filing the Confessions of Judgments executed by each Defendant in the gross sum of $50,000.00 less any payments made prior to default.

The parties agree that in such an event of default, any and all remaining installments shall be immediately due and owing as set forth above and that Plaintiff shall be entitled to take any and all measures to enforce the terms of this agreement including, but not limited to, filing or otherwise seeking to enforce the Confessions of Judgment for the gross sum of $50,000.00 less any amounts paid prior to default as against each of the Defendants, jointly and severally.  The Confessions of Judgment may only be filed by Plaintiff upon Defendants' default as set forth above and failure to cure upon service of the Default Notice.

c.      Plaintiff agrees and acknowledges that Defendants and their counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received by Plaintiff pursuant to this Agreement. Plaintiff further agree that the allocation and characterization of the amounts comprising the Settlement Amount were made by Plaintiff. Plaintiff must ensure that all taxes related to their respective payments described above in this Section 2 are paid.  In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required employee-side deductions or employee-side withholdings from the sums to be paid to a Plaintiff and their attorney under this Section 2 of this Agreement, that Plaintiff shall fully pay the assessment, including additional taxes, interest, penalties, and/or other liabilities or costs  with respect to such payments attributable to them. Each

Plaintiff indemnifies and holds Defendants harmless for any tax liabilities relating to the payment of the Settlement Amount.  Defendants shall use best efforts to provide written notice of any applicable assessment to Plaintiff's attorney at: Attn: Colin Mulholland, Esq. 36-36 33rd Street Suite 308 Astoria, NY 11106 as soon as Defendants becomes aware of it.

3. **Mutual Limited Release of Claims by Parties.**

Plaintiff knowingly and voluntarily release and forever discharge Defendants of and from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., as amended ("FLSA"), and related regulations, the New York Labor Law ("NYLL") and related regulations promulgated by the NYS Commissioner of Labor, for any and all wage-and-hour claims and claims of retaliation pursuant to the FLSA and NYLL arising out of Plaintiff's employment with the Defendants, and/or any other claims that could have been brought at the time Plaintiff filed the complaint in the Litigation, up to and including the date Plaintiff executes this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Plaintiff may assert anywhere in the world against the Defendants, or any of them including but not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, retaliation, back pay, liquidated damages, interest, under any federal, state or local laws ("Wage and Hour Claims").  Nothing in this Paragraph 3 is intended to, or shall, interfere with Plaintiff's right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws.

Nothing in this Agreement is intended to, or shall, waive or release: (i) any claim or right Plaintiff may have for unemployment insurance or workers' compensation benefits; (ii) any claim to employee benefit plans and/or union benefit plans and/or rights or claims to retirement, 401K, pension, or other benefit plans, whether vested or unvested, including but not limited to any employee benefit plans under 29 U.S.C. § 1002(3); (iii) any medical claim incurred during Plaintiff's employment that is payable under applicable medical plans or an employer-insured liability plan; (iv) any claim or right that may arise after the execution of this Agreement; (v) any claim or right Plaintiff may have under this Agreement; and (vi) any claim that is not otherwise waivable under applicable law.

Defendants hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all claims that Defendants have or may have against Plaintiff and his heirs, executors, administrators, agents, successors and assigns, affiliated entities, and their respective past and present owners, directors, officers,  insurers, and attorneys, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, claims, or causes known or unknown, suspected or unsuspected, of every kind and nature that arose from the transactions and occurrences alleged in the Complaint in this action, and claims that could have been raised at the time Defendants' filed their responsive pleading, and any claims for use and occupancy arising from Plaintiff's tenancy with the Defendants.

5. **Plaintiff's Representations and Warranties.**  Plaintiff hereby represents, warrants, acknowledges, and affirms as follows, solely as to themselves:

a. that Plaintiff has not filed nor permitted anyone to file on his behalf, any complaints, charges or claims for relief against the Company with any local, state, or federal court or administrative agency other than the Lawsuit;

b. that he has been paid and have received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which he may be due for any reason, except as provided in this Agreement;

c. that he has no known workplace injuries or occupational diseases and have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act (hereinafter the "FMLA");

d. that he is no longer employed by any Defendant and has no desire to be employed by any Defendant; and

e. that he shall cause the Lawsuit to be dismissed with prejudice in accordance with this Agreement.

5. **No Admission of Wrongdoing.**  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.  This Agreement compromises disputed claims.  This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.  This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation.  The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties.  This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

6. **Dismissal of the Litigation.**  Filed contemporaneously with this Settlement agreement as Exhibit B, is a Stipulation of Voluntary Dismissal in accordance with Rule 41 dismissing the action in full.

7. **Response to Subpoena.**  Plaintiff agrees that, in the event that they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to his prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiff will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

8. **Court Approval.** The parties will use best efforts to seek court approval of this Agreement.

9. **Modification of the Agreement.** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

10. **Acknowledgment.** The parties acknowledge that they have been fully and fairly represented by counsel in this matter. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

11. **Notices.** Notices required under this Agreement shall be in writing and shall be deemed given on the third business day following first-class mailing, email, or facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, NY 11106
add fax number
cmulhollandesq@gmail.com

To Defendants:
Sage Legal LLC
Attn: Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

12. **Governing Law.** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

13. **Severability.** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14. **Release Notification.**  Plaintiff acknowledges that he has consulted with Colin Mulholland, Esq., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorney.  Plaintiff confirms that this Settlement Agreement and Limited Release have been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily

15. **Counterparts.** To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. A facsimile or portable document format or other electronic version of an executed copy of the Settlement Agreement shall be accepted and enforceable as if it were an original.

16. **No Waiver.**   Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

17. **Representation by Counsel and Entire Agreement**.  This Agreement sets forth the entire agreement between the Parties hereto as to the Plaintiff's claims, and fully supersedes any and all prior discussions, agreements, or understandings between the Parties. The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties.  Should any provision of the Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement.  This Agreement shall survive the cessation or termination of any arrangements contained herein.

18. **Voluntary Agreement.** By signing in the space provided below, Plaintiff agrees and affirms that:

a. This Agreement is legally binding, and by signing it, Plaintiff understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

b. Plaintiff  was given at least twenty-one (21) days to review, consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement;

c. No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce Plaintiff to enter into this Agreement, and Plaintiff has not been forced or pressured in any way to sign this Agreement; and

  d. Through this Agreement, Plaintiff is releasing all of the Releasees from any and all wage and hour claims that he may have against the Company in exchange for the Settlement Payment described herein;

  e. Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: __08 26 2024__

_____
DANIEL ARAGON

Dated: __08/17/2024__

_____
JAGROOP SINGH

Dated: __08/17/2024__

_____
SAHIB SINGH

Dated: __08/17/2024__

_____
HARJINDER SINGH A/K/A HARJINDER KAUR SINGH, individually

Dated: __08/17/2024__

_____
BRAHSPATI, INC. D/B/A SINGAS FAMOUS PIZZA by HARJINDER SINGH A/K/A HARJINDER KAUR SINGH

Dated: __08/17/2024__

_____
NEW BRAHSPATI LLC
by HARJINDER SINGH A/K/A HARJINDER KAUR SINGH, individually

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANIEL ARAGON,

               *Plaintiff*,

-against-

BRAHSPATI, INC. d/b/a SINGAS FAMOUS PIZZA, NEW BRAHSPATI LLC, HARJINDER SINGH A/K/A HARJINDER KAUR SINGH, JAGROOP SINGH and SAHIB SINGH

               Defendants.

Case No.: **1:22-cv-6342 (EK) (PK)**

**STIPULATION OF <u>VOLUNTARY DISMISSAL</u>**

**WHEREAS**, the Court having reviewed the submissions of counsel, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The duly executed settlement agreement, which includes, among other things, a waiver and release of the Plaintiff's claims pursuant to the Fair Labor Standards Act of 1938 and New York Labor Law, as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

2. The settlement agreement is approved as a fair and reasonable disposition of the Plaintiff's claims;

3. This case, including all claims asserted by the Plaintiff herein, is hereby dismissed with prejudice, without costs to either party as against the other, except as provided in the Settlement Agreement;

4. Each party shall bear its own costs, expenses, and attorneys' fees, except as otherwise expressly agreed in writing by the parties in the Settlement Agreement;

Dated:    New York, New York
                _____, 2024

| | |
|---|---|
| _____ | _____ |
| Emanuel Kataev, Esq. | Colin Mulholland, Esq. |
| Sage Legal LLC | Law Offices of Colin Mulholland |
| 18211 Jamaica Avenue | 36-36 33rd Street, Suite 308 |
| Jamaica, NY 11423 | Astoria, NY 11106 |
| (718) 412-2421 | 347-687-2019 |
| emanuel@sagelegal.nyc | cmulhollandesq@gmail.com |

                                                 _____
                                               **SO ORDERED**